IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WOODLAKE PARTNERS, INC.; <br> WOODLAKE PARTNERS, L.P.; AND <br> LANCE A. HUBER, d/b/a HUBER <br> CUSTOM HOMES, <br><br> Plaintiffs, <br><br> v. <br><br> GUADALUPE COUNTY, <br><br> Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 5:11-CV-00647-XR |

**ORDER**

On this date, the Court considered Woodlake Partners, Inc., Woodlake Partners, L.P., and Lance A. Huber's (collectively "Plaintiffs") "Motion to Remand" and "Plaintiff's Response" along with Guadalupe County's ("Defendant") "Response to Plaintiff's Motion to Remand" and "Notice of Removal." After careful consideration of the relevant judicial and statutory authority, Plaintiffs' motion is GRANTED.

**BACKGROUND INFORMATION**

This case stems from a complaint alleging Defendant engaged in a "taking" of Plaintiffs' property without just compensation or due process of law.[1] On June 28, 2011, Plaintiffs originally filed suit in the 25th Judicial District Court of Guadalupe County, Texas in a case styled: *Woodlake Partners, Inc. v. Guadalupe County*, Cause No. 11-1270-CV.[2] On July 29, 2011, Defendant timely

---

[1] Plaintiff's Complaint, p. 7.

[2] *Id.* at p. 1.

1

removed the case to this Court based on federal question jurisdiction.³ Subsequently, Plaintiffs filed their Motion to Remand on September 29, 2011.⁴

Plaintiffs' complaint alleges that Woodlake Partners owns certain lots of real property in Guadalupe County, Texas.⁵ Prior to November 2, 2007, Huber Custom Homes was allowed to build residential homes on these lots without obtaining flood or building permits, and they had plans to continue building homes there.⁶ Plaintiffs claim that the Defendant approved these lots according to existing guidelines and ordinances.⁷ However, on November 2, 2007, the County adopted FEMA's new Flood Insurance Rate Maps, which placed twenty-four of the Plaintiffs' undeveloped lots in either the floodplain or floodway.⁸ This adopted plan now requires Plaintiffs to meet certain requirements before obtaining the proper building permits, which the Plaintiffs were informed they would not be able to meet.⁹ Plaintiffs allege that adopting this plan is an intentional "taking" of the Plaintiffs' property without compensation and violates the United States and Texas Constitutions.¹⁰

## LEGAL STANDARD

On a motion to remand, the court must consider whether removal was proper. Removal is

---

³Defendant's Notice of Removal, p. 2.

⁴Plaintiff's Motion to Remand, p. 1.

⁵Plaintiff's Complaint, p. 2.

⁶Plaintiff's Complaint, p. 4.

⁷*Id.*

⁸*Id.* at p. 5.

⁹*Id.*

¹⁰*Id.* at p. 7.

2

proper where the suit originally could have been brought in federal court.[11] Stated differently, a district court has removal jurisdiction in any case in which it would have had original jurisdiction.[12] "A matter must be ripe for a federal court to exercise jurisdiction under Article III of the United States Constitution."[13] "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review."[14]

## ANALYSIS

Plaintiffs' cause of action arises under both the United States and Texas Constitutions. The Defendant bases its removal on federal question jurisdiction because there is no diversity of citizenship between the parties.[15] There is no dispute whether a federal question exists. Thus, the sole question before this Court is whether the federal question is "ripe" for judicial review in order for removal to be proper.

The United States Supreme Court held in *Williamson County Regional Planning Commission v. Hamilton Bank* that "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property."[16] Further,

---

[11]*See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[12]*See* 28 U.S.C. § 1441(a).

[13]*Milliken v. Town of Addison*, No. 02-CV-1164-D, 2002 WL 31059802, at *2 (N.D. Tex. Sept. 13, 2002) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)).

[14]*Id.*

[15]Defendant's Notice of Removal, p. 2.

[16]*Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985).

3

"if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used that procedure and been denied just compensation."[17] Thus, "[a] takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides."[18] The Fifth Circuit recently has interpreted *Williamson County's* ripeness requirements as being "merely prudential, not jurisdictional[.]"[19]

The parties do not dispute that the first prong of the ripeness test has been met. The Defendant has adopted FEMA's Flood Insurance Rate Maps, and there is nothing indicating that this decision was not final. The second part of the test requires that plaintiffs exhaust their remedies through the state's procedures.[20] Here, the Plaintiffs are attempting to bring an inverse condemnation suit in state court. Until that claim is resolved, no Fifth Amendment violation has occurred because just compensation has not been denied. Thus, the federal takings and related due process claims are not yet ripe for this Court to have subject matter jurisdiction.

Defendant argues that if the Plaintiffs' federal claims are not ripe in this Court, then those same claims cannot be ripe in Texas State Court, and should be dismissed.[21] In support, Defendant

---

[17]*Id.* at 195.

[18]*Sandy Creek Investors, LTD. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003).

[19]*Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 88-90 (5th Cir. 2011).

[20]*See Sandy Creek Investors*, 325 F.3d at 626.

[21]Defendant's Response to Motion in Remand, p. 2.

4

cites *Standard Materials, Inc. v. City of Slidell*, Nos. 92-2509, 93-3616, 1994 WL 285043, at *11 (E.D. La. June 20, 1994), which used the same reasoning to justify remanding a plaintiff's state claims and then dismissing without prejudice the federal takings claim.[22] This Court does not believe this is appropriate. In *San Remo Hotel, L.P. v. City and County of San Francisco*,[23] the Supreme Court held that *Williamson County's* requirement that an aggrieved property owner must seek compensation through the procedures the State has provided for doing so "does not preclude state courts from hearing simultaneously a plaintiff's request for compensation under state law and the claim that, in the alternative, the denial of compensation would violate the Fifth Amendment of the Federal Constitution."[24] The Court continued: "Reading *Williamson County* to preclude plaintiffs from raising such claims in the alternative would erroneously interpret our cases as requiring property owners to 'resort to piecemeal litigation or otherwise unfair procedures.'"[25] Thus, *San Remo* holds that state-law and federal-law takings claims may be pursued simultaneously even though the federal takings claim is not ripe, if the federal claim is brought in the alternative to the state-law takings claim. Moreover, "under Texas law the mere fact that a cause of action is contingent on the outcome of another suit does not prevent the two claims from being raised and litigated simultaneously in the same suit."[26]

---

[22]*See Standard Materials, Inc. v. City of Slidell*, Nos. 92-2509, 93-3616, 1994 WL 285043, at *11 (E.D. La. June 20, 1994).

[23]545 U.S. 323, 331 & n.6 (2005)

[24]*Id*. at 346.

[25]*Id*.

[26]*Guetersloh v. State*, 930 S.W.2d 284, 287 (Tex. App. – Austin 1996).

5

## CONCLUSION

For the above-stated reasons, Plaintiffs' motion to remand (Docket No. 7) is GRANTED. This Court lacks subject matter jurisdiction because the federal takings claims are not ripe for adjudication. Therefore, removal is not proper. It is therefore ORDERED that this case be REMANDED to the 25th Judicial District Court of Guadalupe County, Texas.

It is so ORDERED.

SIGNED this 17th day of November, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE